# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTAL COMMISSION, a California public agency,<br><br>　　　　　　　　Petitioner/Plaintiff,<br><br>　　　　v.<br><br>NORTH COUNTY TRANSIT DISTRICT, a California public agency; Does 1 through 25,[1]<br><br>　　　　　　　　Respondents/Defendants,<br><br>EXBON DEVELOPMENT, INC., a California corporation; and DOES 26 through 50, inclusive,<br><br>　　　　　　　　Real Parties in Interest/ Defendants | Case No.:  22cv00587-LL-BGS<br>**Related Case:** 22cv00503-LL-BGS<br><br>**ORDER:**<br><br>**(1) TO SHOW CAUSE RE: CONSOLIDATION;**<br><br>**(2) STAYING CASE *SUA SPONTE*;**<br><br>**(3) GRANTING-IN-PART JOINT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT; and**<br><br>**(4) DENYING JOINT MOTION TO STAY RULING ON MOTION TO STAY**<br><br>**[ECF No. 6]** |

---

[1]　The Federal Rules of Civil Procedure ("FRCP") neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to include the names of all parties in his complaint. *Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1030-31 (S.D. Cal. 2021) (Benitez, J.).  The complaint includes allegations against Does 1 through 10.  Naming doe defendants further implicates Rule 4 of the FRCP requiring service of the complaint.  All doe defendants are dismissed *without prejudice* for want of prosecution pursuant to FRCP4(m) for the reasons outlined in *Rojas*.

1

## I. INTRODUCTION

Plaintiff, the California Coastal Commission, a California public agency ("Petitioner" or the "Commission"), brings this petition for a writ of mandate against Defendants the North County Transit District, a California public agency (the "NCTD"). ECF No. 1.

Before the Court are the (1) the NCTD's Motion to Stay, ECF No. 4; (2) Joint Motion to Extend Time to Answer or Otherwise Respond to the Complaint, ECF No. 6; and (3) the Joint Motion to Stay the Court's Ruling on the Motion to Stay, ECF No. 10. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **GRANTS** the Motion to Stay *sua sponte*; (2) **GRANTS-IN-PART** the Joint Motion to Extend the Deadline to Respond to the Complaint; and (3) **DENIES** the Joint Motion to Stay the Court's Ruling on the Motion to Stay as moot.

## II. BACKGROUND

### A. Statement of Facts

Petitioner alleges that the NCTD has violated California's environmental laws by planning to move forward with construction of up to six-foot high fences, including welded wire, chain link, and post and cable fencing types, in segments along nearly a mile of the coastal bluffs in the City of Del Mar (the "Project"). ECF No. 1-2 at 8, ¶ 1. Among other allegations, Petitioner alleges that (1) the NCTD failed to comply with the California Environmental Quality Act, Cal. Pub. Resources Code §§ 21000 *et seq.* (the "CEQA") before initiating its development Project and (2) the actions of the NCTD along with Exbon Development, Inc. ("Exbon") to pursue the Project without first obtaining a coastal development permit pose threatened and imminent violations of the California Coastal Act of 1976, Public Resources Code, §§ 30000 *et seq.* (the "Coastal Act"). ECF No. 1-2 at 8, ¶ 1.

### B. Procedural History

#### 1. *The STB Action*

On August 28, 2020, the NCTD filed a Verified Petition in Washington, D.C.

with the Surface Transportation Board (the "STB"), the federal independent regulatory agency charged with the economic regulation of the national railroad system. ECF No. 1-2 at 27-75; *see also* ECF No. 4-1 at 2:13-16; RVA,[2] ECF No. 8-1 at 2:27-3:2. The NCTD sought declaratory relief that 49 U.S.C. § 10501(b) of the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA") preempts any state and local permitting regime to regulate the NCTD's rail line, including the Coastal Act, with respect to any current or future projects that NCTD undertakes in the railroad right-of-way, including the safety fencing project. *See* Finance Docket No. 36433 (Aug. 28, 2020) (the "STB Action"). ECF No. 4-1 at 13-24.

On November 6, 2020, the NCTD filed a motion to hold the STB Action in abeyance while the parties attempted a resolution. ECF No. 4-1 at 2:26-3:1. The STB granted the request, staying the case until March 30, 2021, at which time the NCTD was required to file a status update. *Id.* at 3:2-3. On March 29, 2021, the NCTD filed a status update advising that the parties were still attempting to reach a resolution and requested a further abeyance until December 31, 2021, which the STB granted. *Id.* at 3:3-8.

On December 31, 2021, the NCTD filed its next required status update, which (1) advised that despite significant efforts, the parties had been unable to reach a resolution, and (2) asked the STB to proceed with the STB Action in an expedited manner to resolve the disputes at issue. ECF No. 4-1 at 3:11-15. This request is still pending. *Id.* at 3:14-15.

### 2. *The Reverse Validation Action*

On March 21, 2022, due to the inability to reach a resolution in the STB Action, Plaintiffs commenced suit against five defendants, including the NCTD, by filing a petition for writ of mandate and complaint in the San Diego Superior Court, Case No. 37-2022-00011260-CU-WM-CTL (the "Reverse Validation Action"). The complaint

---

[2] RVA shall refer to the docket in the Reverse Validation Action, *infra*, Case No. 37-2022-00011260-CU-WM-CTL.

alleged four causes of action under California state law: (1) declaratory relief regarding breach of the Grant Agreement between the NCTD and California State Transportation Agency ("CalSTA") (against Defendant NCTD); (2) declaratory relief regarding breach of the covenant of good faith and fair dealing arising from the Grant Agreement (against Defendant NCTD); (3) quiet title as to the public easement to use trails on the Upper Bluff (against all Defendants); and (4) invalidity and illegality of NCTD's actions (against all Defendants).  RVA, ECF No. 1 at 3, ¶ 4.

On April 12, 2022, Defendants NCTD and Tucker removed on the basis that although Plaintiffs' complaint alleged state law claims only, at least some, if not all, of the claims at issue are completely preempted by the ICCTA, 49 U.S.C. §§ 10101 *et seq.*, because the NTCD qualifies as a common carrier.  RVA, ECF No. 1 at 3-4, ¶ 6.

On April 18, 2022, Plaintiffs sought to serve the unknown defendants by publication, RVA, ECF No. 5, which the Court granted in part on April 26, 2022, RVA, ECF No. 6.

On May 3, 2022, Defendants NCTD and Matthew Tucker filed a motion to dismiss for failure to state a claim for relief.  RVA, ECF No. 7.

On May 10, 2022, Defendants also filed a Motion to Stay the case, arguing that judicial efficiency would best be served by staying this case until the STB determines the preemption issues.  RVA, ECF No. 8-1.

### 3. *The Petition for Writ of Mandate Action*

On April 19, 2022, Petitioner commenced this action by filing a petition for writ of mandate and complaint against the NCTD in the San Diego Superior Court, Case No. 37-2022-00014504-CU-MC-CTL (the "Petition Action").  ECF No. 1-2 at 7.  The complaint alleged causes of action for (1) violation of CEQA; (2) violation of the Coastal Act as to all Defendants, Cal. Pub. Resources Code § 30600; and (3) violation of the Cease and Desist Order by the NCTD, Cal. Pub. Resources Code § 30803 and 30809.  *See id.* Petitioner seeks a writ of mandate directing the NCTD to (i) set aside and withdraw its approval of construction of the fencing along the coastal bluff in Del Mar; (ii) cancel its

4

contract with Exbon for construction of the fencing; and (iii) refrain from taking on any other activities in furtherance of construction of the fencing until it complies with the CEQA. ECF No. 1-2 at 18-19, ¶ A.

On April 21, 2022, Plaintiff served the NCTD with the summons and complaint. ECF No. 6 at 1:25-26. On April 26, 2022, the NCTD removed this action, meaning the NCTD's deadline to respond to the complaint was May 12, 2012. ECF No. 6 at 1:27-2:2; *see also* Fed. R. Civ. P. 81(c)(2). Also on April 26, 2022, the NCTD filed a Request for Judicial Notice in support of the Notice of Removal, asking the Court to take judicial notice of the NCTD's Petition for Declaratory Order (the "Verified Petition"). *See* ECF No. 2 at 1.[3]

On May 20, 2022, Exbon consented to removal. ECF No. 7

On April 29, 2022, the NCTD filed a motion to stay proceedings until the STB issues a ruling on its Verified Petition for Declaratory Order, filed on August 28, 2020, which is set to be heard on June 17, 2022 at 1:30 p.m. ECF No. 6 at 2:3-7; *see also* ECF No. 4.

On May 12, 2022, Plaintiff and the NCTD filed a Joint Motion to Extend Time to Answer or Otherwise Respond to Complaint. ECF No. 6. On May 27, 2022, Plaintiff and the NCTD also filed a Joint Motion to Stay the NCTD's Motion for a Stay Until After the Court Decides the Motion to Remand. ECF No. 10.

///

---

[3] At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2) *see also Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir. 1996) (taking judicial notice of court records). The NCTD asks the Court to take judicial notice of the Verified Petition but does not ask the Court to take judicial notice of any particular facts, such as the date on which the Verified Petition was filed or who filed it. However, the Court **GRANTS-IN-PART** the request for judicial notice because the documents, namely, the Verified Petition, are public records not subject to reasonable dispute. The Court **DENIES-IN-PART** the request to the extent it seeks to take judicial notice of any of the facts within the Verified Petition.

### III. DISCUSSION

#### A. Order to Show Cause Regarding Consolidation

A court may consolidate cases which "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010)) (internal quotations omitted).

Here, this case along with the Reverse Validation Action both concern mostly the same parties, involve common questions of law (*e.g.*, the propriety of the whether the Project should go forward), and concern common issues of fact (*e.g.*, the Bluffs). Thus, the Court sets an order to show cause as to why the Petition Action and Reverse Validation Actions should not be consolidated. The parties should submit briefing on this issue according to the deadlines set out below. Should the parties agree to consolidation, they may submit a Joint Stipulation to Consolidation at any date.

#### B. Joint Motion to Extend

Rule 81 of the FRCP requires that after removal, a defendant who has not yet filed a responsive pleading must do so within the longer of either "(1) 21 days of receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (2) 21 days after being served with the summons for an initial pleading on file at the time of service, or (3) 7 days after the notice of removal is filed." "In the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint." Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020); *see also* CivLR 12.1.

The NCTD's deadline to respond to the complaint was May 12, 2022, pursuant to FRCP 81(c)(2). ECF No. 6 at 2:1-2. The parties indicate that the extension at issue will preserve time and resources for the Court by extending the deadlines to respond until the Court decides the pending motion to stay and Plaintiff's forthcoming motion to remand.

6

*Id.* at 2:13-16. The parties also agree that no default will be taken against Defendants prior to the expiration of the requested extension set forth above or while the joint motion is pending. *Id.* at 3:8-10.

Plaintiff and the NCTD indicate they have agreed to extend the deadline for NCTD to respond to the complaint until: (1) if, upon Plaintiff's Motion to Remand, the Court issues an Order remanding the case back to state court, within ten days after the Court enters the Order for remand; (2) if the Court denies the Motion to Remand and also denies the Motion to Stay, within ten days after the Court enters the Order denying the Motion to Stay; or (3) if the Court denies the Motion to Remand and grants the Motion to Stay, within ten (10) days after the stay is lifted. ECF No. 6 at 2:17-23. The NCTD confirms it has informed Exbon of the stipulation, and Exbon had no objection. *Id.* at 2:24-25. Further, no extensions have previously been requested. *Id.* at 2:26.

The Court finds good cause exists for the requested extension and **GRANTS** the request to extend the NCTD's time to respond to the complaint as set for the below.

### C.     Motion to Stay the Validation Action and Petition Action

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.

2007) (citation and internal quotation marks omitted).

In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The Court agrees that a stay is appropriate to allow the STB to determine the preemption issues pertaining to both cases. Although the Court has not heard from Defendants regarding their position with respect to the stay, the Court has power to stay a case *sua sponte*, even in the absence of a motion to stay. *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072-73 n.9 (C.D. Cal. 2008). First, the possibility of the stay poses little danger given the stay will be brief in light of the STB's pending hearing on June 17, 2022. Second, little hardship or inquiry will result given the brevity of the stay. Third, the orderly course of justice measured in terms of simplifying issues is served by allowing the STB to determine the preemption issues.

In sum, the Court has the power to stay matters *sua sponte* and exercises that power in the vein of judicial economy to avoid two different federal entities (*i.e.*, this District Court and the STB) from determining the same issues as the pleadings in this case indicate that the parties disagree over preemption and whether the ICCTA creates a basis for removal in this case.

Thus, the Court **GRANTS** the motion to stay the case until the STB's ruling.

**D.     Joint Motion to Stay the Court's Ruling on the Motion to Stay**

Plaintiff and the NCTD also argue that (1) if the Court denies the Motion to Remand, Plaintiff's deadline to respond to the NCTD's Motion to Stay should be continued until five (5) days after the Court enters an Order denying Plaintiff's Motion to Remand; (2) if the Court grants Plaintiff's Motion to Remand, the NCTD's Motion to Stay shall be deemed withdrawn and NCTD may file a new motion requesting a stay in state court, if it so desires;

8

and (3) the Court shall not deem Plaintiff to be in default or to have consented to NCTD's Motion to Stay as it stands pursuant to Civil Chambers Rule 3(J) before the expiration of the requested extension set forth above or while this Joint Motion remains pending.  ECF No. 10 at 3:12-23.  Because the Court finds it appropriate to stay the case *sua sponte*, the Court **DENIES** this request as moot.  *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is moot when deciding it would have no effect within the confines of the case itself").

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.   The Motion to Stay is **GRANTED**.  This case shall be stayed until the STB decides the preemption issues.  The parties shall provide the Court with a joint notice of the STB's decision within five (5) calendar days of the decision.

2.   Upon receipt of the STB's decision, the Court will address Plaintiff's pending motion to remand as judicial economy warrants addressing jurisdictional issues in this case first.  The parties' Joint Motion to Extend the Time to Respond is **GRANTED-IN-PART** as follows:

| Item: | Current Deadline: | Revised Deadline: |
|---|---|---|
| **ORDER TO SHOW CAUSE RE: CONSOLIDATION:** | | |
| N/a | N/a | Thursday, June 9, 2022 |
| N/a | N/a | Thursday, June 16, 2022 |
| **MOTION TO STAY** | | |
| **Opposition:** | Friday, June 3, 2022 | Not applicable.  The Court stays the case *sua sponte*. |
| **Reply:** | Friday, June 10, 2022 | |
| **MOTION TO REMAND** | | |
| **Opposition:** | Friday, June 17, 2022 | Within ten (10) court days of filing the notice of the STB decision with Court. |

| Reply: | Friday, June 24, 2022 | Within ten (15) court days of filing the notice of the STB decision with Court. |
|---|---|---|
| **RESPONSIVE PLEADING DEADLINE** | | |
| **Deadline to Respond to Complaint:** | May 12, 2022 | Within ten (10) court days of the Court's ruling on the motion to remand. |

3. The Court will not set the deadline for Defendant to respond in the superior court if the Motion to Remand is granted because the Court will lack jurisdiction over this case if it is appropriate for remand.

4. The Court **DENIES** the Joint Motion to Stay the Court's ruling on the Motion to Stay as moot.

5. No default shall be filed or taken against Defendants prior to the expiration of the requested extension set forth above or while any of the joint motions currently at issue have been pending.

**IT IS SO ORDERED.**

DATED: June 2, 2022

**HON. LINDA LOPEZ**
United States District Judge