UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTAL COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NORTH COUNTY TRANSIT DISTRICT, et al.,<br><br>Defendants. | Case No.: 3:22-CV-587-RSH-BGS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[ECF Nos. 9, 12] |

Before the Court is a Motion to Remand filed by Plaintiff California Coastal Commission ("CCC" or "Plaintiff"). ECF No. 9. Defendants North County Transit District (the "NCTD") and Exbon Development, Inc. ("Exbon") (collectively "Defendants") oppose. ECF No. 22. The Motion to Remand has been fully briefed. *See* ECF No. 24 (Reply). Pursuant to Civil Local Rule 7.1(d), the Court finds the matter suitable for disposition without oral argument. As explained below, the Court grants the Motion to Remand.

The instant case (the "CCC Action") is related to an earlier-filed and earlier-removed action pending in this Court, *Friends of Del Mar Bluffs v. North County Transit Dist.*, Case No. 22-CV-503 (S.D. Cal.) (the "Friends Action"). Each of these actions was initially filed in California Superior Court and subsequently removed to federal court by the NCTD. On May 27, 2022, the respective plaintiffs in the Friends Action and in the CCC Action filed motions to remand. Earlier today, the Court entered an Order in the Friends Action granting the motion to remand in that case (the "Friends Remand Order"). *See* Case No. 22-CV-503, Order (Nov. 18, 2022).

The Friends Remand Order describes the claims and procedural history associated with both the Friends Action and the CCC Action, as well as an administrative proceeding before the Surface Transportation Board ("STB") that precedes both lawsuits and remains pending.

The Friends Remand Order also sets forth the legal standards applicable to determining whether there is subject matter jurisdiction in either the Friends Action or the CCC Action. The Defendants' theory of jurisdiction—relying on 28 U.S.C. §§ 1441(a) (removal jurisdiction) and 1331 (federal question jurisdiction), based on the arguments that the state-law claims in each lawsuit are "completely preempted" by the Interstate Commerce Commission Termination Act ("ICCTA"), or alternatively that an ICCTA preemption defense is a necessary element of the claim for relief and presents a "substantial federal question"—is substantially similar in both lawsuits. The Court's conclusion—that Defendants have not carried their burden to establish removal jurisdiction—is likewise the same.[1] The Court's reasoning as set forth in the Friends Remand Order is also applicable

---

[1] "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

| | |
|---|---|
| 1 | here. |
| 2 | Defendants begin the argument in their opposition brief by stating that "[t]his Court |
| 3 | and the STB have already determined that the Coastal Act's preclearance permitting |
| 4 | requirements on NCTD's Line are completely preempted by the ICCTA." ECF No. 21 at |
| 5 | 5. As explained in the Friends Removal Order, this statement is wrong; in fact, in the case |
| 6 | cited by Defendants, the district court ruled that it did not have subject matter jurisdiction. |
| 7 | *See City of Encinitas v. North San Diego County Transit Development Board*, No., 01-CV- |
| 8 | 1734, 2002 WL 34681621, at *5 (Jan. 14, 2002). Defendants cite authority holding that |
| 9 | ICCTA preemption applies as a *defense*, yet other than their incorrect statement above, |
| 10 | their brief does not purport to identify any authority holding that the ICCTA effects |
| 11 | "complete preemption" as a basis for federal subject matter jurisdiction. |
| 12 | Defendants also do not attempt to show that the ICCTA provides "a substitute cause |
| 13 | of action" for Plaintiff's claims here, a requirement for complete preemption. *See San* |
| 14 | *Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022); *City of Oakland v. BP PLC*, |
| 15 | 969 F.3d 895, 903 (9th Cir. 2020); *Californians for Alternatives to Toxics v. N. Coast R.R.* |
| 16 | *Auth.*, No. C-11-4102, 2012 WL 1610756, at *10 (N.D. Cal. May 8, 2012). |
| 17 | Nor have Defendants established that this case falls within the "special and small |
| 18 | category" of state-law claims where federal law is a necessary element of the claim for |
| 19 | relief. *See City of Oakland*, 969 F.3d at 904. Their arguments in this regard are in substance |
| 20 | a conclusory incorporation of their "complete preemption" arguments, amounting to a |
| 21 | contention that they have a valid preemption defense, creating a substantial federal |
| 22 | question. But as the Supreme Court has held, absent an applicable exception, "a case may |
| 23 | *not* be removed to federal court on the basis of a federal defense, including the defense of |
| 24 | pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both |
| 25 | parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.* |
| 26 | *v. Williams*, 482 U.S. 386, 393 (1987). |
| 27 | Finally, even Defendants' lead argument—that the ICCTA conclusively preempts |
| 28 | Plaintiff's state-law claims—is at odds with the California Supreme Court's decision in |

1 | *Friends of the Eel River v. North Coast R.R. Auth.*, 3 Cal. 5th 677 (2017). In that case, the
2 | California Supreme Court held that although the ICCTA generally preempts state
3 | regulation of rail transportation, this did not prevent the application of the California
4 | Environmental Quality Act ("CEQA")—the basis of one of Plaintiff's claims here—to a
5 | railroad authority. *See id.* at 740 ("In this case, the application of CEQA to [the defendant
6 | railroad authority] would not be inconsistent with the ICCTA and its preemption clause.
7 | This is both because we presume Congress did not intent to disrupt state self-governance
8 | without clear language to this effect, and because the ICCTA leaves a relevant zone of
9 | freedom of action for owners that the state, as owner, can elect to act in through CEQA.").
10 | Defendants argue that *Friends of Eel River* is distinguishable on the facts, because the rail
11 | line at issue in that case was inoperable at the time the defendant railroad authority was
12 | purchased, whereas the NCTD's rail line has been in use for decades by two rail carriers.
13 | ECF No. 21 at 12. Defendants also contend that the California Supreme Court's decision
14 | was inconsistent with an earlier ruling of the STB. *Id.* at 11. Whether these arguments may
15 | ultimately sustain a preemption defense to Plaintiff's claims, Defendants have not carried
16 | their burden to establish removal jurisdiction in this case.[2]

Additionally, as explained in the Friends Remand Order, there is no STB order here that supports subject matter jurisdiction under 28 U.S.C. § 1336(a), and absent jurisdiction, there is no basis for "retaining" jurisdiction and referring the case to the STB pursuant to 28 U.S.C. § 1336(b).

///
///
///
///

---

[2]   Concluding that remand is proper for the reasons stated above, the Court declines to address Plaintiff's argument that removal jurisdiction would be barred by the Eleventh Amendment. *See* ECF No. 9 at 6–7.

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED**. The case is hereby **REMANDED** to the Superior Court for the State of California, County of San Diego. Plaintiff's Motion to Vacate Stay (ECF No. 12) is **DENIED** as moot. The Clerk of Court is **DIRECTED** to close the case.

**IT SO ORDERED**.

Dated: November 18, 2022

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge